SMITH, county treasurer, *vs.* OUTLAW, sheriff.

1. Under §337, par. 7, §553, par. 1, and §563 of the Code, the ordinary has jurisdiction to cite the county treasurer to appear before him for a settlement of his accounts, as well as to order that moneys in his hands be paid out by him to the proper persons, and upon his failure to pay, to issue execution for such default.
2. When an execution was levied upon "one house and one half of lot No. 12 in the town of Wrightsville, adjoining T. W. Kent and Streets," the description was sufficiently accurate.
3. Where no costs were taxed against the defendant, so far as the record discloses, the fact that the judgment and the execution based thereon do not contain itemized bill, is no ground of illegality.

Ordinary. Judgments. County Matters. Illegality. Before Judge JOHNSON. Johnson Superior Court. September Term, 1879.

Reported in the decision.

JAMES K. HINES, by Z. D. HARRISON, for plaintiff in error.

JOHN M. STUBBS, for defendant.

CRAWFORD, Justice.

The defendant in error, as the sheriff of Johnson county, filed his petition to the ordinary of said county setting forth that as such officer he had collected and paid over to the county treasurer in money and county orders at various times, and in different amounts, $969.48, and that out of the said sum so paid over there was due to him, as sheriff, $90.08, which the said county treasurer refused to pay; the said ordinary thereupon issued a rule *nisi* calling upon the said treasurer to appear and show cause why an order should not be granted requiring him to settle and pay over the said sum so due and owing from him, as such treasurer, to the said sheriff. No sufficient answer having been shown, and an examination of the accounts of the treasurer showing the fact to be as set out in the petition, it was considered and adjudged that the said sheriff recover the sum of money so due and withheld by the said Smith, treasurer of the said county.

Upon this order and judgment a *fi. fa.* was issued and levied upon a house and lot of the said Smith, and thereupon he filed an affidavit of illegality on the following grounds:

1. There was no judgment on which to issue said execution.

2. Because the ordinary had no jurisdiction to give and render the judgment on which the execution issued.

3. Because the *fi. fa.* was illegal and void.

4. Because the ordinary had no power to issue the rule *nisi*, and therefore the whole proceeding was illegal and void.

5. Because the property levied upon is insufficiently described.

6. Because there is no itemized bill of costs.

This affidavit was heard upon these several grounds, and dismissed by the judge below because the defendant had had his day in court. To this ruling the defendant ex-

cepted, and now assigns error thereon. The questions made in this record for our adjudication are as to the jurisdiction of the ordinary; his legal right to issue this *fi. fa.;* whether the levy sufficiently describes the property; and should there have been an itemized bill of costs upon the execution.

1. The ordinary when sitting for county purposes has original and exclusive jurisdiction to examine and audit the accounts of all officers having the care, keeping, collection or disbursement of money belonging to the county, and of bringing such officers to a settlement. Code; §337, sub. div. 7. By §553, sub. div. 1, it is made the duty of the county treasurer to diligently collect from all officers and others all county dues; and, by sub. div. 3, to pay without delay when in funds all orders according to their date *or other debts due;* by sub. div. 8, to appear before the ordinary to render an account of his actings and doings.

By §563 of the Code it is provided "where the county treasurer at any time fails to pay any order which is entitled to payment, *or other legal demand upon him,* or any balance that may be in his hands to his successor, *or to the person entitled to receive it,* the ordinary may issue execution against him and his sureties for the amount due as against a defaulting tax collector."

These clauses, in our judgment, give ample jurisdiction to the ordinary to cite the county treasurer to appear before him for a settlement of his accounts for whatsoever may be in his hands and paid over to him as such county treasurer, as well as to order that the same be paid out by him to the proper person having the right thereto, and upon failure so to pay, then to issue an execution against him for such default.

2. The levy is upon one house and one-half of lot No. 12 in the town of Wrightsville, adjoining T. W. Kent and Streets; and one house and one-half of lot 12 in Wrightsville, which half of the lot is that next to Kent and Streets, describes the lot sufficiently accurate to make it certain,

exactly what part is levied upon for sale, and that is all which is required by law.

3. The last ground of this illegality is that there is no itemized bill of costs. This objection we do not appreciate, as upon examination we find no amount of costs taxed at all against the defendant, and if there be none set out and no judgment for any, that would not make the proceeding of the *fi. fa.* illegal.

Judgment affirmed.